**John A. STRINGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62344.**

Court of Criminal Appeals of Texas, Panel No. 1.

April 14, 1982.

Rehearing Denied May 26, 1982.

Joseph J. Rey, Jr., El Paso, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for tampering with a governmental record. Punishment was assessed at confinement for 318 days and a $2000 fine.

On appeal twelve grounds of error are urged. It is contended that the trial court erred in: (1) denying a speedy trial motion; (2) refusing to dismiss the indictment; (3) receiving testimony from another hearing; (4) denying a motion to dismiss at the close of the State's case; (5) allowing the prosecutor to pose an improper question; (6) allowing the prosecutor to make an improper remark; (7) allowing the jury.to retire without instructing them to disregard the improper remark; (8) allowing the prosecutor to make a prejudicial statement before the jury; (9) overruling a motion for instructed verdict at the close of appellant's case; (10) overruling a motion for instruct-

ed verdict at the close of the entire trial; (11) overruling objections to the charge; (12) allowing improper jury argument at the punishment phase. We find that these contentions are without merit.

Appellant first contends that the cause should have been dismissed because the State failed to prosecute within the time limitations of the Speedy Trial Act. See Art. 32A.02, V.A.C.C.P. It is argued that the indictment was returned on May 1, 1978, and the case was not tried until December 5, 1978, beyond the 120 day limitation of the Act.

When the evidence is viewed in the light most favorable to the trial court's ruling, it was established that the State announced ready for trial within 120 days from July 1, 1978, the effective date of Art. 32A.02. See *Wade v. State*, Tex.Cr.App., 572 S.W.2d 533. There is also testimony that at that time appellant's counsel made a motion for continuance, so that the computation of time by which the State must be ready for trial would exclude any delay caused by such a motion. See Art. 32A.02, Sec. 4(1), V.A.C.C.P. Contrary to appellant's argument, a violation of the Act is not determined by the date upon which the cause is actually tried. As we stated in *Barfield v. State*, Tex.Cr.App., 586 S.W.2d 538, the Speedy Trial Act refers to the "preparedness of the prosecution for trial, and does not encompass the trial court and its docket."

Appellant next challenges the sufficiency of the indictment. Upon comparing the charging instrument to the elements of the offense, we find no error. V.T.C.A., Penal Code Sec. 37.10 defines the offense of "Tampering with a Governmental Record":

"(a) A person commits an offense if he: (1) knowingly makes a false entry in or false alteration of, a governmental record . . . .

"(c) An offense under this section is a Class A misdemeanor unless the actor's intent is to defraud or harm another, in which event the offense is a felony of the third degree."

The indictment alleges, in pertinent part, that appellant did:

"knowingly make a false entry in a governmental record, namely Instrument No. 17803, an affidavit in the Office of the County Clerk of Ector County, Texas, by stating and swearing that he has property in this State liable to execution, namely the West 75' of the East 150' of Tract 2, Block 4, Airway Acres, subdivision of Ector County, Texas, and stating that he had said property, free of any debts, liens, or encumbrances, and that it was not subject to any exemption under the constitution and laws of this State, and may be subject to forced sale, and the said John A. Stringer made said false entry with the intent to defraud and harm the County of Ector, State of Texas, . . . "

The indictment properly alleges the necessary elements of the felony offense.

Appellant next complains of the admissibility of a witness' testimony which was based on a prior hearing where appellant appeared, but had not yet been given Miranda warnings. At trial, however, the objection by appellant's counsel was that the testimony was prejudicial and that the State failed to lay a proper predicate. The issue is not properly preserved for appellate review.

Appellant's fourth ground of error contends that a motion to dismiss should have been granted at the close of the State's case. Without being certain, it appears to this Court that appellant's ninth ground of error is based upon the same argument as recited during trial under his fourth ground of error: that the evidence is insufficient to support the verdict of guilty.[1]

1. We also note that a similar argument is advanced in ground of error 10; that is, that the evidence is insufficient to establish intent to defraud. As the State points out in its brief, appellant was ultimately convicted of the lesser included misdemeanor. Thus, the absence of evidence on an element not required for the commission of that offense is a meritless argument.

■ The evidence shows that appellant was a bondsman in Ector County and that he filed a required affidavit stating that he owned certain property free and clear of any debts, liens or encumbrances. The evidence further showed that prior to the filing of the affidavit, appellant entered into a contract with Gerald Fugit, wherein the described property was transferred to appellant so that bonds could be written based upon the value of the land. However, there were certain conditions to the transfer, which caused the assertion in the affidavit filed with the county to be false. Appellant agreed with Fugit that $350 per month would be paid for appellant's use of the property and that if a monthly payment was not timely made, the property would be conveyed back to Fugit. In other words, even though appellant claimed that he held the land free of debts, liens, or encumbrances, the property itself was security for the monthly debt. This evidence causes us to disagree with appellant's contention that the evidence is insufficient to establish that there was in fact a debt, lien or encumbrance on the property.[2]

■ Appellant's fifth ground of error complains of an improper question by the prosecutor. No reversible error is shown, however, because the objection was sustained and the jury instructed to disregard the question. See *Rodriguez v. State,* Tex. Cr.App., 577 S.W.2d 491.

■ In grounds six and seven, appellant argues that the court erred in allowing the State to request the defendant to present evidence against himself and that, although the jury was instructed to disregard the request on the following morning, the court erred in not giving the instruction sooner. The record does not support the argument that reversible error occurred. The prosecutor asked appellant how many bonds he was out on. After several rounds of argument among counsel for both sides, the court recessed the cause until the following morning. At that time, the jury was instructed to disregard the question. Thus, error, if any, was cured. *Evans v. State,* Tex.Cr.App., 477 S.W.2d 555; *Bradford v. State,* Tex.Cr.App., 477 S.W.2d 544.

■ Appellant next contends that the trial court erred in overruling a motion for mistrial based on a side bar comment of the prosecutor. The prosecutor and appellant, the witness under cross-examination, were exchanging comments. The court instructed both to refrain from making such comments. No reversible error is shown.

In his eleventh ground of error, appellant contends that his objection to the charge was erroneously overruled. He argues that the charge is defective because it uses the word "tampering." This language, he contends, implies "that a record was changed and another illegal act was committed." We find no error in the charge. The court properly instructed the jury on the elements of offense and properly applied those elements to the facts. The only use of "tampering" is in stating the statutory name of the offense as it is titled in V.T. C.A., Penal Code Sec. 37.10. This ground of error is without merit.

■ Finally, it is argued that the State engaged in improper jury argument at the punishment phase. The prosecutor stated:

"... I think you have given him his break. I think some of you compromised what you believed in this particular case, and there is lots of people saying now if I ever commit a crime in Ector County I hope I get that same jury."

Appellant's objection was overruled. Generally, in order to constitute reversible er-

---

**2.** Appellant also argues that the agreement with Fugit would be secondary to the requirement that if there was in fact a default on a bond that the land could be executed upon and that he would not convey the property back to Fugit. This confuses the obligations in the contract between Fugit and appellant. It was agreed that if indeed the property was levied or executed on, appellant would pay Fugit $10,-000. Also, it is the obligation to reconvey to Fugit in the event of an untimely monthly payment that causes the entry in the affidavit to be false. Whether that lien could actually be *satisfied* in contravention to the execution on the land for bond default is not the issue.

ror, a jury argument must either be extreme or manifestly improper, or inject new and harmful facts into evidence. *Kerns v. State*, Tex.Cr.App., 550 S.W.2d 91. The argument complained of is not reversible error.

Appellant's grounds of error are overruled and the judgment is affirmed.