Walter H. Kuehler v. The Bank















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-162-CV

     WALTER H. KUEHLER,
                                                                              Appellant
     v.

     THE BANK,
                                                                              Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 38728A
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      The Bank filed suit against Walter H. Kuehler and Doris S. West seeking to recover on two
promissory notes. West filed bankruptcy. The court granted The Bank’s motion for summary
judgment against Kuehler. The court severed the claims against Kuehler from the claims against
West, and Kuehler appealed.
      Kuehler has now filed a motion to dismiss his appeal. He states that the parties have settled
their dispute and asks that costs be taxed against the party incurring same.
      Rule of Appellate Procedure 42.1(a)(1) provides:
(a) The appellate court may dispose of an appeal as follows:
(1) On Motion of Appellant. In accordance with a motion of appellant, the
court may dismiss the appeal or affirm the appealed judgment or order unless
such disposition would prevent a party from seeking relief to which it would
otherwise be entitled. 
Tex. R. App. P. 42.1(a)(1).
      Kuehler’s dismissal motion satisfies the requirements of the appellate rules. The certificate
of conference states that The Bank “agrees to this motion.” Accordingly, we dismiss the appeal
with costs to be taxed against the party incurring same. See id. 42.1(d).

                                                                   PER CURIAM

Before Justice Vance,
      Justice Gray, and
      Senior Justice Hill (Sitting by Assignment)
Appeal dismissed
Opinion delivered and filed August 20, 2003
[CV06]



 record, the instruction to disregard
cured any possible harm caused by the reference to the missing checks, assuming that the
prosecutor's statement was improper. The statement did not directly tie Haigood to the possibility
that the checks were stolen. See Paster v. State, 701 S.W.2d 843, 848 (Tex. Crim. App. 1985),
cert. denied, 475 U.S. 1031 (1986). Implying that Haigood stole the check he pleaded guilty to
forging does not have the effect of intimating that he was a "criminal in general." After the court
sustained Haigood's objection, the prosecutor immediately directed the jury's attention to other
evidence she expected to produce. See Manning v. State, No. 10-93-048-CR, slip op. at 8 (Tex.
App.—Waco October 27, 1993, no pet. h.). There was no further mention of the means by which
the forged check came into Haigood's possession, either in the State's opening statement or in the
evidence. Finally, the jury did not impose an unduly harsh sentence. We hold that the instruction
to disregard the prosecutor's statement was sufficient to remove the prejudicial effect, if any, from
the minds of the jury; thus, no error occurred in denying the motion for a mistrial. Point one is
overruled.
      In his second point, Haigood argues that the court lost the authority to cumulate the sentence
in this case with a prior sentence by initially pronouncing sentence without the cumulation order. 
At the sentencing hearing, the court first determined that Haigood was the defendant in the case
and reiterated the punishment assessed by the jury. The court then sentenced Haigood in
accordance with the jury's assessment. Immediately after the judge stopped speaking, the State
moved to cumulate the sentence with a prior sentence. Haigood objected on the basis that the prior
case and this case were transactions that were part of a common scheme and so the sentences
should not be cumulated. The court ignored Haigood's objection and ordered the sentences to run
consecutively.
      Haigood argues that, "if the cumulation order is entered even seconds after sentence is
pronounced as in this case, the Trial Court has no authority to do so." This issue has already been
decided against Haigood in this appellate district. See Richardson v. State, 832 S.W.2d 168, 172-73 (Tex. App.—Waco 1992, pet. ref'd); also State v. Evans, 817 S.W.2d 807, 809 (Tex.
App.—Waco 1991), aff'd in part and rev'd in part on other grounds, 843 S.W.2d 576 (Tex. Crim.
App. 1992). The cumulation order was made at the time the court pronounced sentence. Point
two is overruled.
      Points three and four complain about a statement made by the prosecutor during closing
argument:
[PROSECUTOR]:All you have to do is use your common sense, and this is not
difficult. This man is now a three-time convicted felon, and he wants - - the defense wants
you to give him a five-year sentence. But he has already had a two-year sentence, he's had
a five-year sentence. If that wasn't enough to get his attention, he goes out and commits
another crime. We can't rehabilitate him.
[DEFENSE COUNSEL]:I'll object to that, Your Honor. It calls for facts not in
evidence and speculation, and calls for jury to speculate.
THE COURT:Overruled.
      Haigood argues that the comment by the prosecutor was manifestly improper and injected the
prosecutor's personal opinion. He cites to several Texas and federal cases that reverse convictions
when the state's argument included references to rehabilitation. See Jones v. State, 522 S.W.2d
225, 226-27 (Tex. Crim. App. 1975); Hernandez v. State, 366 S.W.2d 575, 576 (Tex. Crim.
App. 1963); Houston v. Estelle, 569 F.2d 372, 381 n.12 (5th Cir. 1978); Brown v. Estelle, 468
F. Supp. 42, 48-49 (N.D. Texas 1978), aff'd, 591 F.2d 1207 (5th Cir. 1979). These cases
concern the suggestion by the state that the jury assess a lengthy sentence to allow the probation
laws to determine how long of a sentence the defendant actually served. See id. That is not the
issue before us, and Haigood's reliance on these cases is misplaced.
      Jury argument by the state should be (1) a summation of the evidence, (2) a reasonable
deduction from the evidence, (3) an answer to the argument of opposing counsel, or (4) a plea for
law enforcement. Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). The State
argues that the argument here falls into categories (1), (2), and (4) of Alejandro. Argument that
the defendant has not been rehabilitated following prior convictions is permissible as a reasonable
deduction from the evidence. See Brandley v. State, 691 S.W.2d 699, 712 (Tex. Crim. App.
1985), cert. denied, 498 U.S. 817 (1990); Harrell v. State, 643 S.W.2d 686, 690 (Tex. Crim.
App. [Panel Op.] 1982). We hold that this argument by the prosecutor was a proper deduction
from the evidence and a plea for law enforcement. As such, it was not improper, and the court
did not err by overruling Haigood's objection. Because it is a proper deduction from the evidence,
it is not an improper injection of the prosecutor's opinion. See Barnard v. State, 730 S.W.2d 703,
718 (Tex. Crim. App. 1987), cert. denied, 485 U.S. 929 (1988). Haigood's third and fourth
points are overruled.
      In his fifth point, Haigood argues that article 42.08 of the Code of Criminal Procedure is
unconstitutional because it does not contain guidelines for the trial court's exercise of its discretion
in determining whether the sentences should be cumulated or run concurrent. See Tex. Code
Crim. Proc. Ann. art. 42.08 (Vernon Supp. 1993). Haigood acknowledges that the Court of
Criminal Appeals has ruled that this statute is not an unconstitutional delegation of authority. See
Johnson v. State, 492 S.W.2d 505, 506 (Tex. Crim. App. 1973); Hammond v. State, 465 S.W.2d
748, 752 (Tex. Crim. App. 1971). There has been no change in the statute material to this appeal
since Johnson and Hammond were decided. Therefore, we are bound by the Court of Criminal
Appeals' holdings, and Haigood's fifth point is overruled.
      The judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed December 22, 1993
Do not publish