Ismael PAREDES, Appellant,

v.

The STATE of Texas, Appellee.

No. 35801.

Court of Criminal Appeals of Texas.

May 22, 1963.

Rehearing Denied June 29, 1963.

------◆------

Murray J. Howze, Monahans, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant was convicted in the District Court of Pecos County for burglary with intent to commit theft, and his punishment assessed at four years.

The state's testimony reflects that Sam Clymer, a policeman for the city of Fort Stockton, drove to Black's Drug Store on Highway 290; that he saw appellant run through the front door; that it was a glass door and was closed; that he was chased by the officers and was caught in the front yard by the chief of police, W. G. McDonald, and was arrested; that he (appellant) dropped a box, which was picked up; that it contained cameras and projectors and a light finder.

James Edwin Black testified that he owned the store; that the door on the east side of the building was broken; that the items which were taken were valued at about $900; that he did not give anyone permission to go in the store.

Appellant's confession was introduced, which recited that he broke into Black's Drug Store in Fort Stockton and got several cameras and a projector from the store and started out; that the city police drove up and he dropped the box and ran back into the building through the front door and broke out the glass; and that the officers caught him in police chief McDonald's yard.

Appellant introduced evidence of his good reputation and that he had never been convicted of a felony. He did not take the stand.

Two informal bills of exception are presented:

First, appellant complains that reversible error was committed when O. D. Luttrell, the deputy sheriff, was testifying and was asked if he had occasion to take part in the investigation of the appellant. He replied that he did and that he took him to Midland "to a polygraph machine." Appellant moved for a mistrial, which motion was overruled. He stated that an instruction to the jury would not cure the effect from the minds of the jurors.

The record is devoid of any results of a test, or the fact that a test was given— if one was given, before the jury. The matter was not pursued further. The appellant did not request an instruction to the jury not to consider it, and, since there was no evidence before the jury as to the results, no error was shown.

Analogous to the case is Sublett v. State, 158 Tex.Cr.R. 627, 258 S.W.2d 336, a driving-while-intoxicated case. The officer was asked if at the time of the arrest he had in his possession an intoximeter test, the question was not answered, and the case was affirmed.

The Sublett case is discussed in Saunders v. State, Tex.Cr.App., 353 S.W.2d 419. The latter case was reversed, and on motion for rehearing the writer herein noted that the court was not dealing with an unresponsive answer.

In the present case we are dealing with an unresponsive answer.

Appellant next contends that the state did not show that the confession was

voluntarily made. O. D. Luttrell, deputy sheriff of Pecos County, testified that he took appellant's statement; that he was given the statutory warning prior to the time he signed the statement; that it could be used against him; and that it was voluntarily signed. On cross-examination he testified that he told appellant it could be used against him, and when asked if it could be used for him, he testified:

"I don't remember telling him it could be used for him but definitely that it could be used against him.

\* \* \* \* \* \*

"I don't think I ever told him it could be used for him. I don't recall ever telling one that it could be used for one."

The witness further testified that he might have said it could be used for him, and that the warning in the confession was read to appellant.

There was direct testimony showing that the warning was given. There was other testimony showing that the warning was read to the appellant, and that the witness did not remember ever stating to anyone that is could be used for him.

The trial court did not err in admitting the confession.

We observe that the learned trial judge submitted to the jury, in his charge, the issue of whether the statutory warning had been given prior to taking the confession, and whether it was voluntarily made.

There is no undisputed testimony that the confession was not voluntarily given, and the trial court did not err in admitting it. Sandoval v. State, 162 Tex.Cr.R. 370, 285 S.W.2d 222.

No reversible error appearing and the evidence being sufficient to sustain the verdict, the judgment is affirmed.