**Robert J. D. NICHOLS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36758.**

Court of Criminal Appeals of Texas.

April 8, 1964.

Rehearing Denied May 13, 1964.

Frank Mabry, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Gus J. Zgourides, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is statutory rape; the punishment, 20 years confinement in the state penitentiary.

In view of our disposition of this case, a recitation of the facts will be unnecessary.

The record reveals that the young 14 year old prosecutrix had testified fully upon direct examination by the State. She was then cross-examined rather extensively by appellant's counsel and was, at the conclusion of the cross-examination, taken again on re-direct examination by the state. It was at this point in her testimony that the Assistant District Attorney representing the state, asked:

Q: "Without telling me any results, did you take a lie detector test about this?"

Mr. Mabry: (Appellant's counsel) "I object—"

A: (By witness) "Yes sir."

Mr. Mabry: "— to this and ask for a mistrial. A lie detector test is not introducible in evidence."

THE COURT: "Sustain the objection, and the jury will not consider that for any purpose whatsoever."

The appellant has urged as one of the grounds for reversal the action of the trial judge in failing to grant a mistrial because of the above question propounded to the prosecutrix about her having taken a lie detector test.

We find, without a single exception, that every court of last resort that has been called upon to decide the question has ruled that results obtained from the so-called lie detector test are not admissible as evidence. As the matter is stated in one of the earliest reported cases on the subject:

"We think the systolic blood pressure deception test has not yet gained such standing and scientific recognition among physiological and psychological authorities as would justify the courts in admitting expert testimony deduced from the discovery, development, and experiments thus far made." Frye v. United States, 54 App.D.C. 46, 293 F. 1013, 1014, 34 A.L.R. 145 (1923).

The state also agrees with this position and cites us the applicable rule of evidence set forth in Placker v. State, 171 Tex.Cr.R.

406, 350 S.W.2d 546, in which this Court stated:

"Under the holdings of this court, evidence of the results of a polygraph test is not admissible on behalf of either the state or the defendant." Peterson v. State, 157 Tex.Cr.R. 255, 247 S.W.2d 110; Stockwell v. State, 164 Tex.Cr.R. 656, 301 S.W.2d 669 and Davis v. State, 165 Tex.Cr.R. 456, 308 S.W.2d 880 are cited in Placker's case.

The state contends that evidence of the fact that a lie detector test was taken, as opposed to results thereof, is not prejudicial to appellant where it is limited. The state relies upon Tyler v. United States, 90 U.S. App.D.C. 2, 193 F.2d 24, 31. We observe from a careful reading of Tyler's case, which was tried in the District of Columbia in 1950, that the trial judge limited the consideration by the jury with the following instruction: "The statement of the witness that he told the defendant that the machine indicated he was lying is not admitted as evidence of any alleged lying of the defendant, but merely as evidence bearing upon the question whether the confession was, in fact, voluntary." We do not think the case is in point with the case at bar. The two cases may be distinguished because of different fact situations. Further, we do not agree with the state that Monasco v. State, 172 Tex.Cr.R. 528, 361 S.W. 2d 208 and Diamond v. State, 172 Tex.Cr. R. 192, 355 S.W.2d 522 control the disposition of this case. In Monasco's case the court overruled a motion for mistrial and instructed the jury to disregard the statement. The complained of statement arose during the testimony of a witness by the name of Captain Johnson, when he testified, upon being asked what happened when he first saw appellant in the hall on the second floor of the Golder Hotel, answered, "I told Mr. Monasco, I knew him by pictures in our identification * * *." We do not regard this testimony adduced as being prejudicial to appellant, as that adduced in the case at bar. In Diamond's case the court sustained the objection and instruct-

ed the jury not to consider the conclusion of the officer. The appellant there asked for no further ruling and therefore was in no position to complain.

The appellant here actually never received a ruling from the trial court on his motion for a mistrial. While it is true that the trial court did instruct the jury to "not consider that for any purpose whatsoever", we think that the learned trial judge fell into error in not granting appellant's motion for a mistrial. We think it fair to observe that the only reason that anyone would possibly take a lie detector test would be to determine whether or not they were telling the truth. The state not only inquired about a test, the results of which were not admissible, but when it asked the question and received an affirmative reply it no doubt very effectively bolstered the prosecutrix's testimony before the jury. This, we think was highly prejudicial to the rights of appellant, and the harm done was so great that no instruction from the court could remove it. This testimony in effect revealed the results of the lie detector test and this was inadmissible. The jury no doubt were convinced that the Assistant District Attorney knew the prosecutrix had taken and passed the test. We think that the appellant was here placed in the unfortunate position of being compelled to object to testimony which the jury no doubt felt was unfavorable to him (appellant). An impression must have been implanted in the minds of the jurors that the result of the lie detector test had been unfavorable to appellant or else appellant's counsel would not have objected to the question propounded by the state. The jurors, being lay persons, no doubt felt that the evidence of a lie detector test would reveal the truth and that appellant was attempting to suppress the truth from them by objecting to the question and keeping testimony from them. Appellant was placed in an unfavorable position before the jury by having to voice an objection. We think the question itself was highly improper, clearly inadmissible, and it was also preju-

dicial to appellant's rights. Had appellant pursued the matter further and insisted upon a ruling by the trial court, or had appellant re-urged his motion for a mistrial, we think that he would only have further inflamed the prejudicial effect upon the jury and further impaired his client's rights. This, we do not think it necessary for him to have done since he had already effectively directed the attention of the trial court to the error complained of. The objection made was adequate and specific enough. We do not think it would have been fair to place appellant in the entrapped position that required him at his peril either to continue to object or be damned by the adverse impressions created in the minds of the jury. We think that no amount of instructions on the part of the trial court could remove from the jury the harmful effect created in their minds. We think it not unlikely that the jury was influenced by this testimony. The practical effect of the testimony was to allow by inference, the admission of damaging evidence that would not have been legally admissible had it been submitted directly. In a situation where the state's whole case depended entirely upon the testimony of this one 14 year old witness whose credibility must have appeared somewhat shaken to the Assistant District Attorney and must have, he thought, be in need of bolstering, the appellant should not have been placed in this intolerable position.

We think that the case of Kaminski et al. v. State, 63 So.2d 339, a Florida case, is in point and controls the disposition of this case. We quote therefrom:

"The successful attempt by the prosecution by the means employed to implant in the minds of the jury the impression that because the witness had voluntarily submitted to a lie detector test prior to trial he must perforce be testifying truthfully in the course of the trial, resulted, in effect, in the substitution of a mechanical device, with-out fair opportunity for cross-examination, for the time-tested, time-tried, and time-honored discretion of the judgment of a jury as to matters of credibility."

For the reason stated, the judgment is reversed and the cause remanded for another trial.

MORRISON, Judge (concurring).

It is the rule in this Court that it is incumbent upon an appellant to pursue a matter until he gets an adverse ruling of the Court. Baker v. State, Tex.Cr.App., 368 S.W.2d 627, and Bearden v. State, Tex.Cr.App., 334 S.W.2d 447. However, I have concluded that once an appellant asks for a mistrial, and the court fails to grant the same, he has done all that our rule requires.

I concur in the reversal of this conviction.

WOODLEY, Presiding Judge (dissenting).

I am unable to agree that this conviction for statutory rape by a father upon his 14 year old daughter should be set aside upon the ground that the trial judge erred in failing to sustain appellant's motion for a mistrial.

There is no doubt that the question: "Without telling me any results, did you take a lie detector test about this?" was improper. The trial judge recognized this and instructed the jury not to consider it.

The objection was: "I object to this and ask for a mistrial. A lie detector test is not introducible in evidence."

The court's ruling was: "Sustain the objection, and the jury will not consider that for any purpose whatsoever."

Insofar as the record reveals counsel was satisfied with the court's ruling for the trial proceeded and there was no motion thereafter for a mistrial.