**Troy Lee BLACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00102–CR.**

Court of Appeals of Texas, Dallas.

May 18, 1982.

Dalford Todd, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, STOREY and ALLEN, JJ.

ALLEN, Justice.

This is an appeal from a conviction for rape of a child. Following a verdict of guilty the jury assessed punishment at eight years imprisonment. On appeal appellant complains of eighteen enumerated errors committed by the trial court. We agree with appellant's contention that the court erred in permitting an expert witness to testify that the complainant was telling the truth and, therefore, reverse and remand.

The record reflects that the complainant and appellant were the only direct witnesses to the offense. The complainant, the 13 year old stepdaughter of appellant, testified that on December 8, 1978, she had come home with appellant after visiting her mother in the hospital. Appellant then ordered the complainant to go to her room where he raped her once and repeated the act about 45 minutes later. Appellant told her that if she told anyone about these incidents that she would be sorry and that no one would believe her. The complainant testified that she did not tell her mother of the rape because she felt that her mother would not believe her. Appellant, testifying in his own behalf, denied the accusations of the complainant, attributing these charges to the child's revenge for his efforts to discipline her. After the defense rested its case-in-chief, the State called Sue James, a staff counselor with the Rape Crisis Center, as a rebuttal witness. James testified that she had come into contact with approximately 1500 rape victims during her two years at the Rape Crisis Center and that about 500 of those victims were children. James further testified that she had interviewed alleged rape victims who she felt were not telling the truth about their experience. Appellant timely objected to this line of questioning on the grounds that it improperly bolstered the State's case and invaded the province of the jury. After this predicate was established, the following question was propounded by the State:

Q: Do you have an opinion as to whether or not Janice Mays (the complainant) is being truthful?

A: Yes, I do.

MR. TODD: Your Honor, we object to her giving her opinion as to whether she is telling the truth or not.

THE COURT: Mr. Todd, nearly every witness that has been through here yesterday and today has been asked that same question. Overruled.

MR. TODD: Note our exception, Your Honor, and may we except to the Court's remarks, Your Honor?

THE COURT: Overruled.

MR. TODD: Thank you, Your Honor.

A: Yes, I have an opinion.

Q: And what is that opinion?

A: I believe she's telling the truth.

MR. SORRELS: That's all we have, Your Honor.

■ Ordinarily, the opinion of a witness as to the truth or falsity of other testimony may not be asked for. *Ayala v. State*, 171 Tex.Cr.R. 687, 352 S.W.2d 955, 956 (1962). One rationale for this rule is that truth or falsity bears directly on a witness' credibility, and the determination of credibility is vested in the exclusive province of the jury. See *Johnson v. State*, 503 S.W.2d 788, 793 (Tex.Cr.App.1974). A more compelling reason for prohibiting a witness

from testifying as to the truthfulness of another witness is that such testimony constitutes impermissible bolstering. "Bolstering" occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Pless v. State*, 576 S.W.2d 83, 84 (Tex.Cr. App.1978). An unimpeached witness may not be bolstered simply because her testimony may be disbelieved or because the defendant testified to alibi. *Adams v. State*, 514 S.W.2d 262, 264 (Tex.Cr.App. 1974); *Lyons v. State*, 388 S.W.2d 950 (Tex. Cr.App.1965). Attempted impeachment by vigorous cross-examination is similarly insufficient to allow bolstering where a witness' testimony is unwavering. *Adams v. State, supra* at 264; *Acker v. State*, 421 S.W.2d 398 (Tex.Cr.App.1967). Only by placing a witness in the position of having testified different from that which she had previously stated will one party be permitted to bolster its own case. *Adams v. State, supra* at 264. The record in this case reflects that the complainant's account of the incident was unimpeached. She was consistent throughout her testimony and did not waiver on cross-examination. Further, even had bolstering evidence been proper in this case, expert testimony regarding the complainant's propensity to tell the truth was impermissible. *See Hopkins v. State*, 480 S.W.2d 212, 219 (Tex.Cr.App.1972). Consequently, the trial court erred in allowing Sue James to testify that the complainant was telling the truth.

Our holding is consistent with two analogous cases decided by the Court of Criminal Appeals. In *Nichols v. State*, 378 S.W.2d 335 (Tex.Cr.App.1964), the court held that asking the prosecutrix in a rape case whether she had taken a lie detector test was improper and required reversal. The court stated:

> We think it fair to observe that the only reason that anyone would possibly take a lie detector test would be to determine whether or not they were telling the truth. The state not only inquired about a test, the results of which were not admissible, but when it asked the ques-

tion and received an affirmative reply it no doubt very effectively bolstered the prosecutrix's testimony before the jury. This, we think was highly prejudicial to the rights of appellant, and the harm done was so great that no instruction from the court could remove it. *Nichols* at 337.

Twelve years later, in *Robinson v. State*, 550 S.W.2d 54 (Tex.Cr.App.1977), the Court of Criminal Appeals reversed a capital murder conviction on the grounds that testimony that a vital State's witness had passed a lie detector test constituted impermissible bolstering. Citing *Nichols* with approval the court concluded:

> With the testimony of Holden having taken and passed a polygraph examination before them, the jury would necessarily conclude that Holden's testimony about appellant having told him that he shot a man in the robbery was true. It would be unrealistic to not conclude that the unverified testimony of Holden, a convicted felon, was bolstered immeasurably by testimony that he had taken and passed a lie detector test. *Robinson* at 61.

We reject the State's argument that appellant failed to preserve any error contained in Ms. James' testimony because he did not state the grounds for his objection with specificity. As a general rule an objection must be specific, explicit, and made on the proper grounds in order to preserve error. *Thomas v. State*, 624 S.W.2d 296, 297 (Tex.App.—Dallas 1981); *McWherter v. State*, 607 S.W.2d 531, 535 (Tex.Cr.App.1980); *Cooper v. State*, 578 S.W.2d 401, 404 (Tex.Cr.App.1979). The purpose for requiring a specific objection on the proper grounds is to inform the trial judge of the basis of the objection and give him an opportunity to cure any harm. It also affords opposing counsel with an opportunity to remove the objectionable matter or supply other evidence to cure it. *See Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Cr.App.1977) (On Motion For Rehearing). The record in this case shows that counsel for appellant objected on numerous occa-

sions to the testimony of Ms. James, specifically pointing out to the court that such testimony impermissibly bolstered the State's case. Further, it is apparent from the record that the State inquired into Ms. James' experience with other rape victims as a predicate for her testimony that the complainant in this case was telling the truth. Viewing the examination of this witness as a whole we cannot say that the trial court was not adequately apprised of the grounds for counsel's objection. We find that error was sufficiently preserved.

Accordingly, we hold that the admission of the testimony relative to the truthfulness of the complainant constituted impermissible bolstering, that this testimony was harmful and prejudicial to appellant, and requires reversal of this case.

Reversed and remanded.