

NUMBER 13-12-294-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**KAREN RUTH WILLIAMSON,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

On appeal from the 410th District Court of
Montgomery County, Texas.

# MEMORANDUM OPINION[1]

**Before Chief Justice Valdez and Justices Garza and Perkes**
**Memorandum Opinion by Justice Garza**

A jury found appellant, Karen Ruth Williamson, guilty of the Class A

misdemeanor offense of criminal mischief for damaging her neighbor's vehicle. *See*

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

TEX. PENAL CODE ANN. § 28.03(a), (b)(3) (West 2011).  The trial court assessed her punishment at confinement for ninety days, a $500 fine, and $1,000 in restitution.  The trial court suspended the sentence and placed appellant on community supervision for one year.  By a single issue, Williamson argues that the trial court erred in denying her motion for a mistrial after the detective who investigated the case testified that he could not remember whether he offered her an opportunity to take a polygraph examination.  We affirm.

## I. BACKGROUND

On March 31, 2010, Lois Hesser was leaving her mother's house in Pinehurst, Texas.  Hesser testified that while she was inside her car, Williamson approached and began striking the car with a bag that appeared to contain apples or grapefruit.  During Williamson's trial, the State called Vince Hatfield, a detective with the Montgomery County Sheriff's Department, to testify regarding his conversations with Williamson.  During direct examination, the following exchange occurred:

Q. [Prosecutor]:   And so what happened—what happened after you walked around her house and down the street?

A. [Hatfield]:   She [Williamson] had, again, just denied any involvement, said that she hadn't seen Lois since December, reiterated her story.  I don't recall if I offered her a polygraph examination or—

Williamson's counsel objected to the indirect introduction of polygraph examination evidence.  Outside the presence of the jury, the trial court heard testimony from Detective Hatfield that Williamson initially agreed to take a polygraph examination, but later refused to do so.  With the jury present, the trial court sustained defense counsel's objection, instructed the jury to disregard the detective's statement, told the

2

jury that no polygraph examination had been taken, and denied Williamson's request for a mistrial.

## II. DENIAL OF MISTRIAL

By her sole issue, Williamson argues that the trial court erred in denying her motion for a mistrial. Specifically, Williamson complains that the trial court's denial of a mistrial was erroneous because: (1) the prosecutor exhibited bad faith by asking the detective a question designed to elicit evidence that Williamson was offered a polygraph examination; and (2) the mention of the possibility of a polygraph examination bolstered the State's case. The State responds that the mere mention that Williamson may have been offered a polygraph examination did not constitute reversible error. We agree with the State.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's denial of a motion for mistrial for abuse of discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *see also Steer v. State*, No. 13-11-00758-CR, 2013 WL 2146722, at *1 (Tex. App.—Corpus Christi May 16, 2013, no pet.) (mem. op., not designated for publication). To constitute an abuse of discretion, the trial court's decision must fall outside the zone of reasonable disagreement. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). A reviewing court should not substitute its judgment for that of the trial court, but rather must decide whether the trial court's decision was arbitrary or unreasonable. *Webb*, 232 S.W.3d at 112.

Only in extreme circumstances, when the error is incurable, will a mistrial be required. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). The asking of

3

an improper question will seldom call for a mistrial because any harm can usually be cured by an instruction to disregard. *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of jurors. *Id.*

The results of a polygraph examination are inadmissible. *Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012). The mere mention of a polygraph examination, however, is not necessarily reversible error. *Renesto v. State*, 452 S.W.2d 498, 500 (Tex. Crim. App. 1970); *Jasso v. State*, 112 S.W.3d 805, 813 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). In determining whether a trial court erroneously failed to grant a mistrial, a reviewing court may also consider: (1) whether the questioning party exhibited bad faith in asking the question designed to elicit polygraph evidence, and (2) whether polygraph evidence bolstered the State's case. *See Jasso*, 112 S.W.3d at 814 (citing *Buckley v. State*, 46 S.W.3d 333, 336–37 (Tex. App.—Texarkana 2001, pet. dism'd)). However, in order for the mention of a polygraph examination to be reversible error, an "impression must have been implanted in the minds of the jurors that the result of the lie detector test had been unfavorable to [the] appellant." *See Nichols v. State*, 378 S.W.2d 335, 337 (Tex. Crim. App. 1964).

When, as here, a witness gives a nonresponsive answer that mentions a polygraph test, but does not mention the results of the test, there is no error in not granting a mistrial. *Martines v. State*, 371 S.W.3d 232, 251 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Barker v. State*, 740 S.W.2d 579, 583 (Tex. App.—Houston [1st Dist.] 1987, no pet.). When a witness on direct or cross examination testifies that either

4

a polygraph exam or lie detector test was either offered or taken, an instruction to disregard the reference to the exam is sufficient to cure any harm. *Hannon v. State*, 475 S.W.2d 800, 803 (Tex. Crim. App. 1972); *Renesto*, 452 S.W.2d at 500; *Roper v. State*, 375 S.W.2d 454, 457 (Tex. Crim. App. 1964); *Gregory v. State*, 56 S.W.3d 164, 174 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). A trial court errs in denying a motion for mistrial only in an "extreme case where the testimony was clearly calculated to inflame the minds of the jury to the point of rendering any curative instruction useless." *Williams v. State*, 798 S.W.2d 368, 373 (Tex. App.—Beaumont 1990, no pet.) (finding trial court did not err in denying motion for mistrial where deputy provided nonresponsive testimony that the defendant was offered but refused to take a polygraph examination).

## B.  DISCUSSION

Williamson argues that the State's question constituted reversible error because it was asked in bad faith. Detective Hatfield's answer to the State's question was nonresponsive. *Cf. Nichols*, 378 S.W.2d at 336 (finding harmful error where prosecutor directly asked statutory rape victim if she had taken a polygraph examination). Here, the prosecutor did not directly ask Hatfield about a polygraph examination. Moreover, Hatfield merely mentioned that he might have asked Williamson if she wanted to take a polygraph exam, not whether she actually took an exam, and certainly did not mention any results of an exam. Williamson also asserts that "it is likely that the two [the prosecutor and Hatfield] had an understanding that that piece of information would innocently be brought before the jury." Williamson, however, provides no evidence

5

indicating that Hatfield and the prosecutor had a prior agreement to bring up the polygraph-offer evidence before the jurors.

Williamson also argues that Hatfield's mention of a polygraph examination unjustly bolstered the State's case against her. According to Williamson, "[m]ention of the polygraph would have left the jury to wonder what the results of any examination might have been." Bolstering occurs when an item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Guerra v. State*, 771 S.W.2d 453, 474 (Tex. Crim. App. 1988). In the instant case, Williamson's assertion is without merit because the trial court advised the jury that no polygraph examination was taken.

When polygraph evidence is only mentioned and no results are disclosed, an instruction to disregard is sufficient to cure any error. *See Tennard v. State*, 802 S.W.2d 678, 684 (Tex. Crim. App. 1990). Reviewing courts must presume that a jury follows a court's instruction to disregard testimony, absent some proof from the record that the jury did not or could not follow such an instruction. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). Accordingly, the trial court did not abuse its discretion in instructing the jury to disregard the mention of a polygraph exam and in denying Williamson's motion for mistrial. We overrule Williamson's sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of July, 2013.