

NUMBER 13-13-00072-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

---

**DANIEL COLEMAN REYNOLDS,**                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                 **Appellee.**

---

### On appeal from the 54th District Court
### of McLennan County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By four issues, appellant Daniel Coleman Reynolds challenges his conviction for continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 21.02 (West 2011). We affirm.

## I. BACKGROUND[1]

Appellant was in a romantic relationship with Catherine and lived with her and her minor daughter, A.G., and minor son, B.W.[2] The State alleged that between January 1, 2010 and January 8, 2012, appellant penetrated A.G. anally and vaginally with his sexual organ, digitally penetrated A.G.'s anus, and touched her vagina with his hand. The judgment recited that A.G. was six years old at the time of the offenses.

Before his arrest, appellant submitted to a polygraph exam. The State and appellant entered an agreed motion in limine that neither party, nor any of the witnesses, would mention the fact that a polygraph was administered or the results of the test. During the guilt-innocence phase of the trial, the State called A.G.'s brother B.W. to testify about the consistency of A.G.'s story.[3] B.W.'s testimony referenced the fact that appellant had taken a polygraph test. The trial judge sustained appellant's objection and instructed the jury to disregard B.W.'s comment and not to use it for any purpose. Appellant moved for a mistrial, but the trial court denied the motion.

The State called B.W. primarily for the purpose of questioning him about whether his sister's version of events had ever changed or if she admitted that she lied. The State asked B.W. about whether A.G. told him that the abuse occurred at the family's old house in Lacy-Lakeview, the new house in Bosqueville, or both. The State asked: "do you ever remember talking about [the abuse] with her when she told you at the

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] We will refer to the minor complainant and her brother by their initials, and their mother by the fictitious name of "Catherine," in order to protect the complainant's privacy.

[3] B.W.'s age does not appear in the record, but he testified that he was in the fourth and the fifth grade during the time of the abuse.

Bosqueville house?" B.W. responded: "Well, no - - well, I remember when she said at the Bosqueville House. She said it happened –." Appellant's counsel objected on hearsay grounds. The trial court overruled the objection and permitted B.W. to answer the question. B.W. then testified: "[w]ell, it actually happened at both houses she said."

Appellant filed a pretrial motion to suppress a video recording of an interview with police where appellant admitted to touching A.G.'s genitals with his hand and his sexual organ. The trial court denied appellant's motion to suppress. When the State moved to admit the evidence at trial, appellant's counsel stated that he had "[n]o objection."

The jury returned a verdict of guilty and imposed a sentence of imprisonment for life. This appeal followed.

## II. DISCUSSION

### A. Legal Sufficiency

By his first issue, appellant argues that the evidence supporting his conviction is legally insufficient because there was no evidence that appellant was at least seventeen years old at the time that he allegedly committed the abuse.

#### 1. Standard of Review

In conducting a legal sufficiency review, we view all of the evidence in a light most favorable to the verdict and ask "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 684, 686–87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The trier of fact, in this case the jury, is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. *Id.*; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). "The reviewing court must give

deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). In a sufficiency review, "circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id.* (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.* If the record supports conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia*, 367 S.W.3d at 687; *Brooks*, 323 S.W.3d at 899.

### 2. Applicable Law

We measure the sufficiency of the evidence supporting a conviction "by the elements of the offense as defined by the hypothetically correct jury charge for the case," applied to the particular facts of the case. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)); *see Wheaton v. State*, 129 S.W.3d 267, 271–72 (Tex. App.—Corpus Christi 2004, no pet.). "Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

4

In this case, the hypothetically correct jury charge for the offense required the State to prove beyond a reasonable doubt that appellant: (1) committed two or more acts of sexual abuse; (2) during a period that was at least 30 days in duration; (3) that at the time of the acts of sexual abuse, the defendant was 17 years of age or older and the victim was a child younger than 14 years of age. *Michell v. State*, 381 S.W.3d 554, 561 (Tex. App.—Eastland 2012, no pet.); *see* TEX. PENAL CODE ANN. § 21.02.

### 3. Analysis

Appellant challenges only the third element, arguing that the evidence is insufficient because there was never any testimony or mention of his age until after the jury rendered its verdict (during the punishment phase, appellant's brother testified that appellant is twenty-nine years old). Appellant is correct that his age was not mentioned during the guilt-innocence phase of the trial, but our review of the record reveals that there were several pieces of information from which the jury could infer that appellant was at least seventeen at the beginning of the time period alleged by the State. *See Robertson v. State*, 21 S.W.3d 554, 558 (Tex. App.—Waco 2000, pet. ref'd) ("The jury may use common sense and apply common knowledge, observation and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence."). First, Deputy Hunter Herring of the McLennan County Sherriff's Department testified without objection that based on his experience, he believed that this case met the requirements of continuous sexual abuse of a child. The jury could have inferred that Deputy Herring knew that one of the elements of continuous sexual abuse of a child is that the defendant was above the age of seventeen at the time of all of the alleged acts of abuse. Second, the heading of the

5

indictment clearly states that appellant's date of birth is October 1, 1983. Allegations in the indictment are not themselves proof of guilt or innocence, but the jury was also able to see appellant, both in person at the trial and in the recording of the interview that occurred soon after A.G. made her allegations. We have reviewed the recording, and in it appellant has the appearance of an adult; he is heavily muscled and sports several tattoos. His appearance itself is not dispositive, but when combined with the listing of appellant's date of birth on the indictment and Deputy Herring's testimony, we conclude that the jury could have reasonably inferred that appellant was at least seventeen during the entire period in which the State alleged that he committed the predicate acts of sexual abuse. *See Robertson*, 21 S.W.3d at 558. We overrule appellant's first issue.[4]

## B. Polygraph Testimony

By his second issue, appellant argues that it was error for the trial court to deny his motion for a mistrial after B.W.'s testimony revealed that appellant had taken a polygraph test and, by implication, had failed it.

### 1. Standard of Review and Applicable Law

We review a trial court's decision not to grant a mistrial for abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A mistrial is required only when the improper question or evidence "is clearly prejudicial to the defendant and is of

---

[4] We reemphasize that we do not mean to state, or even suggest, that a jury can infer a fact only from a defendant's appearance. Moreover, we note that appellant does not challenge the jurisdiction of the trial court. If appellant committed the offenses before his seventeenth birthday the trial court in this case would have been without jurisdiction to try him without an order from the juvenile court waiving jurisdiction and certifying appellant for prosecution. Appellant's conviction would be void as a result. *See Ex parte Waggoner*, 61 S.W.3d 429, 432 (Tex. Crim. App. 2001) (overturning a conviction when the appellant had committed the offense the day before his seventeenth birthday); *see also* TEX. PENAL CODE ANN. § 8.07(b) (West 2011) ("Unless the juvenile court waives jurisdiction . . . and certifies the individual for criminal prosecution or the juvenile court has previously waived jurisdiction . . . a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age.").

such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

"Neither the results of a polygraph test nor the 'fact' of failing a polygraph test are admissible in a Texas criminal proceeding." *Nesbit v. State*, 227 S.W.3d 64, 66 n.4 (Tex. Crim. App. 2007) (citing *Nethery v. State*, 692 S.W.2d 686, 700 (Tex. Crim. App. 1985) (en banc)). "The mere mention of a polygraph examination does not, however, automatically constitute reversible error." *Martines v. State*, 371 S.W.3d 232, 250 (Tex. App.—Houston [1st Dist.] 2011, no pet.). When a polygraph exam is mentioned at trial and the defense requests a mistrial, the appellate court must first determine whether the jury heard the exam results. *Jasso v. State*, 112 S.W.3d 805, 814 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). "Generally, when polygraph examination results are mentioned, but results are not revealed, an instruction to disregard is sufficient to cure any error." *Id.* In reviewing the court's decision to deny a mistrial, a reviewing court must also consider: "(1) whether the questioning party exhibited bad faith by asking a question designed to elicit polygraph evidence; and (2) whether polygraph evidence bolstered the State's case." *Id.*; *see Buckley v. State*, 46 S.W.3d 333, 337 (Tex. App.—Texarkana 2001, pet. dism'd).

### 2. Analysis

B.W., A.G.'s brother, testified for the State. The State called B.W. for the purpose of establishing if A.G. had ever changed her description of the abuse. The following exchange occurred during the direct examination:

Q: You've been around? Have you ever heard your sister say that it really didn't happen or I made it up or I lied?"

A: No, because the next day or so, we found that – because he went in

7

this lie detector - -."

[Defense Counsel]: Objection, Your Honor

The Court: Sustained

[Defense Counsel]: Ask the jury to disregard.

The Court: Instruct the jury to disregard the last comment of the witness and not to consider it for any purpose whatsoever.

[Defense Counsel]: Move for a mistrial, Your Honor.

The Court: Denied.

Appellant argues that "by the context of the statement, the jury must have inferred that Appellant failed a lie detector test." Appellant agrees that the prosecutor was not attempting to elicit testimony about the polygraph, but he asserts that denying the motion for mistrial was error because the reference inevitably helped the State's case by bolstering the credibility of A.G. and reducing appellant's own credibility. The State responds that the judge's instruction to disregard was sufficient because B.W. did not reveal the results of the examination, only that appellant had submitted to a polygraph, and the judge clearly instructed the jury to disregard the testimony.

Appellant relies on *Nichols v. State*, 378 S.W.2d 335, 336 (Tex. Crim. App. 1964) and *Robinson v. State*, 550 S.W.2d 54, 59 (Tex. Crim. App. 1977), two cases where the Texas Court of Criminal Appeals ruled that a curative instruction could not fix the error of admitting polygraph testimony. However, in both *Nichols*[5] and *Robinson*[6] the

---

[5] In *Nichols*, a prosecution for statutory rape, the complainant (who was also the State's sole witness) had been "extensively" cross-examined by the defendant's counsel. On re-direct, the State's attorney asked the witness whether she had taken a lie detector test regarding the allegations, and the witness responded: "Yes sir." The Texas Court of Criminal Appeals ruled that the judge's curative instruction could not fix the error because it bolstered the credibility of the State's witness. 378 S.W.2d 335, 336 (Tex. Crim. App. 1964).

prosecutor directly sought to elicit testimony about the polygraph test, and the context of the question clearly implied that the witnesses had passed the polygraph and therefore bolstered the witnesses' credibility. *See Tennard v. State*, 802 S.W.2d 678, 684 (Tex. Crim. App. 1990) (en banc). In *Tennard*, the Court observed that in contrast to *Nichols* and *Robinson*, "the witnesses whose polygraph results became apparent were neither the sole witness nor even a crucial witness," and other witnesses had testified to the same information, so the curative instruction was sufficient. *Id.* In this case, even if the jury could have inferred the results of the test from B.W.'s testimony, B.W. was not the State's sole witness and was not vital to the State's case because the State presented other evidence that supported the consistency of A.G.'s testimony, including the videotaped interview where appellant confirmed much of A.G.'s version of events. In these circumstances, we conclude that the court's instruction was sufficient to cure the error. The trial court accordingly did not abuse its discretion in denying appellant's motion for a mistrial. *See Tennard*, 802 S.W.2d at 684; *Jasso*, 112 S.W.3d at 814; *Martines*, 371 S.W.3d at 252. We overrule appellant's second issue.

## C. Admission of Interview Recording

By his third issue, appellant argues that the trial court erred in admitting the video record of the interview appellant had with a police officer. Appellant filed a pretrial motion to suppress which the trial court denied. When the State moved at trial to admit the recording, appellant's trial counsel stated "No objection, Your Honor."

---

[6] In *Robinson*, the Texas Court of Criminal Appeals overturned a murder conviction because testimony expressly set out that the State's only witness tying the defendant to the murder had taken and passed a lie detector test as a requirement of the witness's plea bargain. 550 S.W.2d 54, 59 (Tex. Crim. App. 1977).

### 1. Applicable Law

It is well-settled law that when a pre-trial motion to suppress evidence is overruled, the defendant does not need to subsequently object at trial to the same evidence in order to preserve error on appeal. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1988); *Shedden v. State*, 268 S.W.3d 717, 730 (Tex. App.—Corpus Christi 2008, pet. ref'd). "However, when the defendant affirmatively asserts during trial he has 'no objection' to the admission of the complained of evidence, he waives an error in the admission of the evidence despite the pre-trial ruling." *Moraguez*, 701 S.W.2d at 904.

### 2. Discussion

Appellant argues that "other than stating 'No objection' there is no reason to believe defense counsel intended to waive complaints about the manner in which the statements were extracted" from the appellant; however, stating "no objection" is sufficient to waive error in the admission of evidence. *See id.* Therefore, we overrule appellant's third issue. *See id.*; *Shedden*, 268 S.W.3d at 730.

## D. Hearsay Statement

By his fourth issue, appellant argues that the trial court erred in permitting B.W. to testify to hearsay regarding what A.G. told him about where the family was living when the abuse started.

### 1. Standard of Review and Applicable Law

We review a trial court's decision to admit evidence for abuse of discretion. *Doyle v. State*, 24 S.W.3d 598, 601 (Tex. App.—Corpus Christi 2000, no pet.). If we conclude that the trial court abused its discretion, we are to conduct a harm analysis in

which we are to disregard all non-constitutional error that did not affect appellant's substantial rights. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *see* TEX. R. APP. P. 44.2(b). "An error in the admission of evidence is cured when the same evidence comes in elsewhere without objection." *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).

### 2. Discussion

At trial, the following exchange occurred during the State's direct examination of B.W.:

> Q. Okay. Now, I want to ask you something specific, um, about what [A.G.] said about the houses and about if something happened at both houses. Um, do you remember talking about that with her when she told you at the Bosqueville House?
>
> A. Well, no - - well, I remember when she said at the Bosqueville House. She said it happened –

Appellant's counsel objected on hearsay grounds. The trial court overruled appellant's objection, and B.W. answered: "[w]ell, it actually happened at both houses she said." Before this point in the trial, Catherine had already testified that A.G. told her that abuse occurred at both houses. Deputy Herring also testified that A.G. told him the same thing during his initial interview with her. Appellant did not object to the testimony of either witness. Because the same evidence had already been introduced without objection, we conclude that the error in admitting B.W.'s testimony, if any, was harmless. *See* TEX. R. APP. P. 44.2(b). We overrule appellant's fourth issue. *See Valle*, 109 S.W.3d at 509.

11

### III. CONCLUSION

We affirm the judgment of the trial court.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of December, 2013.

12