

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00318-CR

DANNY OLTIVERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-13K-123, Honorable Roland D. Saul, Presiding

September 17, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Danny Oltivero, was indicted in a single, multiple-count indictment alleging aggravated sexual assault of a child by penetration[1] in Count 1, and indecency with a child[2] in Counts 2 and 3. All of the acts upon which the indictment is based arose during a single visit by the complainant at appellant's home. Appellant entered a plea of guilty without a plea agreement as to counts 2 and 3. Count 1 was the subject of a trial

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(A)(iii) (West Supp. 2014).

[2] *See id.* § 21.11(a)(1) (West 2011).

to the bench without a jury. The trial court, pursuant to appellant's election, assessed punishment on all counts. After finding appellant guilty of count 1, the trial court heard the punishment evidence and sentenced appellant to 40 years confinement for count 1, 20 years confinement for count 2, and 20 years confinement for count 3. All sentences were to be served concurrently in the Institutional Division of the Texas Department of Criminal Justice.

Appellant has perfected his appeal. Appellant asserts three issues. First, appellant contends that his conviction for count 2 is barred by double jeopardy because of his conviction on count 1. Appellant's second and third issues contend that he received ineffective assistance of counsel. Disagreeing with appellant's contentions, we will affirm.

Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to sustain his convictions. Accordingly, we will recite only so much of the factual background as necessary for the opinion.

The events that led to appellant's indictment occurred at appellant's home after a football game in Dimmit, Texas. Appellant's daughter had asked the complaining witness to spend the night with her following the football game. After getting permission from her parents, the complaining witness went to appellant's home. The girls were sleeping in the daughter's bedroom when the complaining witness was awakened by being touched on her genitals over her clothing. Appellant was the one touching her. Eventually, appellant unbuttoned her shorts and touched her on her vagina under her

2

clothing. Appellant, according to the complaining witness, then inserted his finger inside her sexual organ. According to the complaining witness, during this episode, appellant also touched her breast under her bra. The complaining witness also stated that appellant threatened to kill her if she told anyone.

Upon returning home the next day, the complaining witness told her mother about the incident. Her mother advised her father about the incident and the authorities were notified. The complaining witness was eventually seen by Lynn Jennings, a licensed professional counselor. Jennings was called as an expert to testify about the treatment she provided to the complaining witness. Jennings testified that she had seen the complaining witness seven times.

During her testimony, Jennings was asked a series of questions about her treatment of the complaining witness. The State contends that the questions were all directed toward the treatment the complaining witness received. Appellant contends that a portion of Jennings's testimony was nothing more than a victim impact statement, which, according to appellant's theory, was inadmissible during the guilt/innocence phase of appellant's trial on count 1. The failure of appellant's trial counsel to object to this testimony is the basis of appellant's first contention of ineffective assistance of counsel.

The second allegation of ineffective assistance of counsel is also centered on Jennings's testimony. During this testimony, Jennings was asked questions about whether she had communicated the importance of being open and truthful to the complaining witness. After receiving an affirmative answer to the question, the State

asked if Jennings had an opinion about whether the complaining witness appreciated the need to be open and truthful. Again, after receiving an affirmative answer, the State asked if Jennings believed the complaining witness followed her request. Jennings replied that she did. This, according to appellant, was nothing more or less than opinion testimony that the complaining witness's testimony was truthful. Because such testimony is not admissible, appellant posits that trial counsel was ineffective in failing to object to the testimony.

On the day the trial was scheduled to begin, appellant decided to waive a jury and enter pleas of guilty to counts 2 and 3. In connection with his pleas of guilty, appellant executed a document entitled Waiver of Rights and Plea of Guilty and Stipulation of Evidence. Appellant affirmatively stated to the trial court that he had read the documents and understood what was in them. The State further questioned appellant about the documents and whether he understood them. State's Exhibit 1 (S-1) is the Waiver of Rights and Plea of Guilty. S-1 lists eight separate rights that appellant is waiving by entering his plea of guilty. The eighth right listed is the right against double jeopardy. At no time does the record reflect that appellant objected to the finding of guilt as to count 1 on the basis of any double jeopardy claim. Further, when the trial court sentenced appellant on all counts and asked if there was any reason sentence should not be pronounced, appellant's trial counsel stated "No."

Appellant now contends on appeal that the trial court erred in convicting appellant on count 2 because the conviction was jeopardy barred by his conviction on count 1 of the offense of aggravated sexual assault of a child. He also contends that his trial counsel was ineffective. Disagreeing with appellant's contentions, we will affirm.

4

Double Jeopardy

Before we may begin to analyze appellant's double jeopardy claim on its merits, we must first determine whether the claim is properly before this Court. In its seminal opinion, *Marin v. State*, the Texas Court of Criminal Appeals addressed the issue of preservation of error. *See Marin v. State*, 851 S.W.2d 275, 277-80 (Tex. Crim. App. 1993) (en banc). The *Marin* court determined that, when looking at the rules regarding preservation of error, there are three distinct classes of issues. *Id.* at 279. Specifically, there are: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. *Id.* In discussing the second type of right, the court explained, "[a]lthough a litigant might give them up and, indeed, has a right to do so, he is never deemed to have done so in fact unless he says so plainly, freely, and intelligently, sometimes in writing and always on the record." *Id.* at 280. *Marin* is still followed today. *See Garcia v. State*, 429 S.W.3d 604, 606-07 (Tex. Crim. App. 2014) (setting forth the three distinct categories of rights outlined in *Marin*).

A double jeopardy claim based upon multiple punishments for the same offense falls into the third category of rights discussed in *Marin;* a right which is to be implemented upon request. *Marin*, 851 S.W.2d at 279. That is to say, these are rights that are subject to procedural default. *See Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000) (en banc). As *Gonzalez* points out, an appellant has the "burden to

preserve, in some fashion, a double jeopardy objection at or before the time the charge [is] submitted to the jury."[3]  *See id.*

The record in this case demonstrates that, not only was the double jeopardy claim not preserved at the trial court, it was affirmatively waived.  Appellant entered pleas of guilty to counts 2 and 3.  From the record of the guilty pleas, we read that the trial court extensively inquired of appellant whether anyone had promised him anything or threatened him in any manner to get him to plead guilty to counts 2 and 3.  Appellant answered, "No, sir."  The trial court also asked appellant about the document styled "Waiver of Rights and Plea of Guilty" and whether appellant understood the document.  Appellant answered, "Yes, sir."  The trial court inquired further if appellant had read the document and went over it with his attorney.  To this question, appellant replied, "Yes, sir."  Finally, the trial court asked if there was anything he did not understand.  Appellant answered, "No, sir."

During the guilty pleas to counts 2 and 3, the State called appellant to the witness stand.  Appellant testified he could read and write the English language and that he understood the documents that he reviewed with his attorney.  One such document was the "Waiver of Rights and Plea of Guilty."  Appellant acknowledged that he read and understood the document. When asked if he understood that, by signing his name to the waiver, he was giving up the rights listed in that document, appellant answered, "Yes, sir."  The waiver was introduced into the record as S-1.  S-1 contains eight separate rights and the right against double jeopardy is number eight.

---

[3] There is an exception to the burden to preserve.  *See Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013).  However, the *Denton* exception does not apply in the present case.

Further, at the conclusion of the punishment phase of the trial, the trial court inquired of appellant if there was any reason why sentence should not be pronounced. Appellant and his trial counsel replied, "No."

This record affirmatively demonstrates that appellant voluntarily, knowingly, and intelligently gave up his right against double jeopardy. Appellant posits that he should be allowed to raise this issue for the first time on appeal by application of the factors set forth in the *Gonzalez* case. *See Gonzalez*, 8 S.W.3d at 642. However, *Gonzalez* is not applicable to our scenario because of appellant's affirmative waiver of his right against double jeopardy. *Gonzalez* was a procedural default case and not an affirmative waiver case. *See id.* As such, we need not entertain the type of analysis required by *Gonzalez*. Accordingly, appellant's first issue is overruled.

Ineffective Assistance of Counsel

Appellant's next two issues complain of two separate instances where trial counsel allegedly provided ineffective assistance to appellant. The first instance deals with a failure to object to victim impact testimony during the State's case-in-chief. The second allegation deals with the failure to object to statements made by the complaining witness's counselor, which according to appellant, were nothing more than the counselor's belief that the complainant was telling the truth.

Applicable Law and Standard of Review

The United States Constitution's guarantee of the right to counsel encompasses the right to effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In

7

determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts apply the two-pronged test enunciated in *Strickland*. *See Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (en banc). Judicial review of an ineffective assistance of counsel claim must be highly deferential, and there is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689. An appellant claiming ineffective assistance of counsel bears the burden of proving by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the appellant. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Failure to make the required showing of either deficient performance or sufficient prejudice is fatal to an ineffectiveness claim. *See id.*

The "right to effective assistance of counsel merely ensures the right to reasonably effective [not perfect] assistance." *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006) (quoting, with alteration, *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (en banc)). This right does not mean errorless or perfect counsel whose competency of representation is to be judged by hindsight. *See Ingham*, 679 S.W.2d at 509. "Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *Robertson*, 187 S.W.3d at 483 (quoting *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992) (en banc)). Counsel's performance is judged by "the totality of the representation," and "judicial scrutiny of counsel's

8

performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. *Id.* The *Strickland* court cautioned us to avoid an intrusive post-trial inquiry into attorney performance because such an inquiry would encourage the proliferation of ineffectiveness challenges. *Id.* (citing *Strickland*, 466 U.S. at 690).

To that end, we are instructed that, in order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Lopez*, 343 S.W.3d at 142. The court further advises, "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id.* at 143.

Victim Impact Testimony

Appellant's first allegation of ineffective assistance of counsel concerns the testimony of Lynn Jennings. Appellant contends that the following testimony, given by Jennings, was victim impact testimony:

> [Y]ou could tell there was a certain sense of shame that was going on.
>
> [Complainant's] anxiety level was very heightened initially . . . it diminished over time, but it did take a little while for the anxiety to diminish some.

Appellant then goes on to describe Jennings's diagnosis for the complainant. Pursuant to appellant's theory, the above testimony violated the prohibition about introduction of victim impact statements during the State's case-in-chief. *See* TEX. CODE CRIM. PROC. ANN. art. 56.03(f)(1) (West Supp. 2014). Appellant's trial counsel did not object to the testimony discussed. This is the basis for appellant's claim of ineffective assistance of counsel.

9

The State responds that Jennings's testimony was admissible because she is an expert who had been called to testify about her medical treatment of the complaining witness that was a result of the sexual assault. Pursuant to the State's theory, the testimony was admissible under Rules 702 and 803(4) of the Texas Rules of Evidence. *See* TEX R. EVID. 702 (testimony by an expert witness), 803(4) (exception to hearsay rule for statement made for medical diagnosis or treatment). Thus, according to the State, because appellant contended at trial that he did not commit the act of penetration, the testimony of Jennings showing the psychological trauma that the victim went through was relevant and admissible.

We note that there was no motion for new trial filed. Therefore, there was no evidence received that might shed any light on the question of why trial counsel did not object to the testimony at issue. Was it trial strategy? Was it because counsel thought that the testimony was admissible? The record before us simply does not answer these questions. Remembering that the deficiency of trial counsel must be affirmatively demonstrated in the record and, when the record does not provide this type of support, we must assume that trial counsel had a strategy for taking the action at issue, we overrule appellant's second issue. *See Lopez*, 343 S.W.3d at 142-43.

Belief in the Complaining Witness Outcry

The next instance of ineffective assistance of counsel alleged by appellant also concerns the testimony of Jennings. In this instance, appellant contends that Jennings essentially testified that the complaining witness was telling the truth. Expert witnesses

are not permitted to opine that someone is telling the truth. *See Black v. State*, 634 S.W.2d 356, 357 (Tex. App.—Dallas 1982, no writ).

The State simply makes the same arguments it made regarding the previous contention of ineffective assistance of counsel. That is, that the evidence was admissible pursuant to Rule 803(4) of the Texas Rules of Evidence, the medical treatment exception to the hearsay rule.

Our disposition of this issue is again governed by what we find in the record; more precisely, by what we do not find in the record. This record is devoid of any explanation of why trial counsel did not object to the testimony cited above. We are not to speculate on trial counsel's reasons and we are not to rule trial counsel ineffective based upon hindsight. *See Robertson*, 187 S.W.3d at 483. The alleged deficiency in trial counsel's performance cannot be said to be affirmatively demonstrated by the record before us. *Lopez*, 343 S.W.3d at 142. Therefore, we must assume trial counsel did not object to this testimony for reasons of trial strategy. *Id.* at 143. We will, therefore, overrule appellant's third issue.

Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.